UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MICHAEL HUDSON,

                              Plaintiff,

          -against-

CHRISTOPHER M. GIOE, SUFFOLK COUNTY
POLICE DEPT., JOHN DOES # 1-6, DARWIN NEITO,
SHAUN SULLIVAN, SUFFOLK COUNTY DISTRICT
ATTORNEY OFFICE, JOHN DOE, M. ROONEY,
M. KASZUBA, SUPREME COURT JUDGE TIMOTHY
MAZZEI, SUPREME COURT JUDGE LINDA J.
KEVINS, SUFFOLK COUNTY JAIL WARDEN, and
MEDICAL STAFF AMY MALAVE,

                              Defendants.
------------------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
24-CV-1695(JMA)(ST)

FILED
CLERK

4:10 pm, Jun 26, 2024

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Before the Court is the civil rights complaint filed by incarcerated *pro se* plaintiff Micheal Hudson ("Plaintiff") pursuant to 42 U.S.C. § 1983 ("Section 1983") against various individuals involved in Plaintiff's arrest and the related, on-going state court criminal prosecution. (ECF No. 1.) Plaintiff also filed two motions to proceed *in forma pauperis* ("IFP") and the required Prisoner Litigation Authorization form. (ECF Nos. 2, 8-9.) For the reasons that follow, the Court grants Plaintiff's IFP applications and *sua sponte* dismisses the complaint, in part, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1).

                                                                            I.            **BACKGROUND**[1]

Plaintiff's brief, handwritten complaint is brought pursuant to Section 1983 and names individuals and entities involved in his July 19, 2023, arrest, pre-trial detention at the Suffolk County Correctional Facility (the "Jail"), and state court criminal prosecution. (ECF No. 1.)

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order. See, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

Plaintiff names as Defendants his criminal defense attorney, Christopher M. Gioe ("Gioe"); the Suffolk County Police Department ("SCPD"); SCPD Officers Darwin Neito ("P.O. Neito") and Shaun Sullivan ("P.O. Sullivan"); six unidentified Suffolk County police officers (John Does # 1-6); the Suffolk County District Attorney's Office ("SCDAO"); three assistant district attorneys, M. Rooney ("ADA Rooney"), M. Kaszuba ("ADA Kaszuba"), and a "John Doe" ("ADA Doe"); two Supreme Court Judges, Timothy Mazzei ("Judge Mazzei") and Linda J. Kevins ("Judge Kevins"); the Suffolk County Jail Warden ("Warden") and "Medical Staff Amy Malave" ("Malave" and collectively with all Defendants, "Defendants"). (Id. at 1-3.)

Plaintiff's Complaint alleges the following facts:[2]

> On July 19th 2023 at about 9:15 pm Suffolk County Police Officers surrounded a vehicle I was gathering belongings out of and at that point the officers opened the door grabbed my wrist punched me multiple times in the face then threw me toward the ground. Once these officers got me to the ground they viciously attacked me more by kicking and hitting me with flashlights in the face. These officers beat me for about 3 to five minutes, during this foray another set of detectives came and requested my name even after the group of officers who originated the blitz took everything out of my pockets including my identification. Those detective instructed the other officers to take me to the local hospital to be treated. The detectives from the 5th Precinct who tried to interview me at the hospital questioned me about an incident that was unrelated to my current situation and when I could not be of any assistance they told me I would have other things to worry about since I could not be of any help. The next morning after being treated for my injuries at Southside Hospital I was brung to District Court in Central Islip. When I was arraigned in Court it was brought to my attention that these officers fabricated a drug offense to secure my detention at the local county jail. At that time the Assistance District Attorney was advised by my attorney (Christopher Cassar) that the officers who dealt with my arrest failed to perform certain procedures like test or weigh the allege substance to verify it authenticates before they ordered me to be detained. On July 24, 2023 detectives from SCPD came and interviewed me at the local jail which was against protocol, seeking my assistance with becoming a confidential informant, I expressed to the officers that I did not feel comfortable working with them especially after the beat me. On July 25, 2023 Christopher M. Gioe came on an attorney visit to see what was going on but his true intentions was to see if I changed my mind about the earlier offer, I pleaded my innocence to my attorney but the whole time Mr. Gioe had possession of a lab

---

[2] Excerpts from the complaint are reproduced herein exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

> report containing the results of the alleged substance I was caught with, and it stated there was no controlled substance found. About 10 days later I was produced to Riverhead County Court but never actually produced to court Mr. Gioe brung me there to see if I would talk to the Assistance District Attorney and the same detectives that came to the jail on the 24th. I was later discharged because the alleged drug that I possessed was in fact no a controlled substance.  Once I was released Mr. Gioe gave me numerous of ultimatum to either cooperate or the other option was go to trial, the plea bargain that Mr. Gioe promised me which was Drug Court quickly disappeared.  On 12-18-2023 Mr. Gioe took advantage of a situation where the Local Jail doesn't give certain medications (Suboxone) before court runs and tricked me into taking a plea by saying he would have to start trial at second call.  Mr. Gioe did this to have me off his caseload.  But Mr. Gioe never advised me that he went to school with the lead detective on my case, he never attempted to advocate for me to the courts as well as about my drug addiction.
>
> Since arraignment court the District Attorneys office has insisted that there be bail set and on three occasion there has been their reason is that if I'm convicted of the offenses pending against me I would be eligible for persistent offender sentencing which is enhanced but due to the fact that my top charges are all non qualifying bail offenses, drug charges.  I cannot be sentenced as a persistent offender Penal Law 60.04 and 70.70 neither has a category for persistent so technicality I cannot be sentence as a persistent and it also makes me non bail eligible.  I've been detained on 3 different occasions illegally.
>
> While Ive been detained at Suffolk County Jail in Riverhead NY 110 Center Dr. they have been contributing to the illegal act the rest of the judicial system have been administering.  When I send mail out to local lawyers or to any advocate or misconduct agency they return my mail and never gets to where I need it to go the medical department neglects proper treatment when I submit medical requests stating medical issues that I currently have and one doctor has even made an issue worst so Im in more pain.  Violation of due process rights, equal protection, false arrest, malicious prosecution, fabrication of evidence, conspiracy, failure to train and supervise failure to intervene.

(<u>Id.</u> at 4-6.)

In the space that calls for a description of any injuries sustained and any medical treatment required and/or provided, Plaintiff wrote:

> After the Assault be the Suffolk County detectives I went to Southside hospital and was treated there for a cyst that broke.  When I arrived at Yaphank Correctional the medical staff sent me back to the hospital.  Since that attack Ive been diagnosed with ptsd, social anxiety disorder and receive medication. Suffered physical injuries, mental injuries that led to taking severe medication, financial damages, loss of work opportunities, deprivation of liberty and privacy, TERROR, FEAR,

3

>INTIMIDATION, damages to personal and professional reputation, loss of relationships with family mainly kids, mother and girlfriend.

(Id. at 4.) For relief, Plaintiff "would like for all defendant in this case to be removed from their positions, also would like compensation for the mental and emotional trama would like to receive damages for the loss of work opportunities and family relationships I missed out on while incarcerated." (Id. at 7.)

## II.     LEGAL STANDARDS

### A.     Leave to Proceed IFP

To qualify for IFP status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339 (1948) (internal quotation marks omitted). The purpose of the statute permitting litigants to proceed IFP is to ensure that indigent persons have equal access to the judicial system. Davis v. NYC Dep't of Educ., 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. August 27, 2010) (citing Gregory v. NYC Health & Hosps. Corp., 07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)). The determination of whether an applicant qualifies for IFP status is within the discretion of the district court. DiGianni v. Pearson Educ., 10-CV-0206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010) (citing Choi v. Chemical Bank, 939 F. Supp. 304, 308 (S.D.N.Y. 1996)).

### B.     Dismissal Under the Prison Litigation Reform Act or IFP Statute

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, the IFP statute requires a court

to dismiss an action upon determination that the action "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

C.    **Section 1983**

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979); see Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). "To state a claim under § 1983, a plaintiff must allege two elements: (1) 'the violation of a right secured by the Constitution and laws of the United States,' and (2) 'the alleged deprivation was committed by a person acting under color of state law.'" Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 87-88 (2d Cir. 2015) (quoting Feingold v. New York, 366 F.3d 138, 159 (2d Cir. 2004)); see Buon v. Spindler, 65 F.4th 64, 78 (2d Cir. 2023); see also Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (internal quotation marks and citation omitted)).

D.    **Plaintiff's *Pro Se* Status**

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the Court is required to read a plaintiff's *pro se* complaint liberally and interpret it as

raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); see also FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

### III.   DISCUSSION

**A.   Plaintiff's IFP Application is Granted**

Upon review of Plaintiff's declarations in support of his applications to proceed IFP, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's applications to proceed IFP (ECF Nos. 8-9) are granted.

**B.   P.O. Neito, P.O. Sullivan, ADA Rooney, ADA Kasuba, ADA Doe, Judge Mazzei, Judge Kevins, Warden, and Malave are Dismissed for lack of Personal Involvement**

To "establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show . . . the defendant's personal involvement in the alleged constitutional deprivation."

Grullon v. City of New Haven, 720 F.3d 133, 138 (2d Cir. 2013). To do so, "a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" Tangreti v. Bachmann, 983 F.3d 609, 618 (2d Cir. 2020) (quoting Ashcroft, 556 U.S. at 676). A Section 1983 claim that fails to allege the personal involvement of the defendant fails as a matter of law. See, e.g., id. at 619-20; Kravitz v. Purcell, 87 F.4th 111, 129 (2d Cir. 2023); Murphy v. Hughson, 82 F.4th 177, 183 n.5 (2d Cir. 2023).

Here, Plaintiff identified twelve of the eighteen Defendants named in the caption of the complaint. Of those twelve identified Defendants, only two (Gioe and SCDAO) are included in the body of the complaint. Wholly absent from the complaint are any allegations of conduct or inaction attributable to Defendants except for Gioe and SCDAO. (See generally ECF No. 1.) Simply naming the defendants against whom relief is sought is insufficient because "bald assertions and conclusions of law" do not establish personal involvement. Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996). "Dismissal is appropriate where a defendant is listed in the caption, but the body of the complaint fails to indicate what the defendant did to the plaintiff." Dean v. Annucci, No. 22-CV-0746, 2023 WL 2325074, at *6 (N.D.N.Y. Mar. 2, 2023) (internal quotation marks omitted); see, e.g., Hickman v. City of New York Dep't of Corr., No. 24-CV-1754, 2024 WL 2784641, at *2 (S.D.N.Y. May 28, 2024) (dismissing Section 1983 claims against defendants because they "are not mentioned in the body of the complaint, and no facts are alleged showing what [they] did or failed to do that violated Plaintiff's rights").

Even affording the *pro se* complaint a liberal construction, Plaintiff has not plausibly alleged the personal involvement of these Defendants. Indeed, as the Second Circuit made clear in Tangreti v. Bachmann, "there is no special rule for supervisory liability. Instead, a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" 983 F.3d 609, 618 (2d Cir. 2020) (quoting Iqbal, 556 U.S.

7

at 676). Thus, Plaintiff's claims against P.O. Neito, P.O. Sullivan, ADA Rooney, ADA Kasuba, ADA Doe, Judge Mazzei, Judge Kevins, Warden, and Malave are implausible and are dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1).

### C.   SCPD and SCDAO are Dismissed as Nonsuable Entities

Plaintiff names SCPD and SCDAO as Defendants. Under New York law, however, departments that are merely administrative arms of a municipality cannot be sued because they lack a legal identity separate and apart from the municipality. See, e.g., Henry v. Cnty. of Nassau, 6 F.4th 324, 336 (2d Cir. 2021) (affirming dismissal of claims against the Nassau County Police Department) (citing Jenkins v. City of New York, 478 F.3d 76, 93 n.19 (2d Cir. 2007)). For that reason, courts routinely dismiss claims against SCPD and SCDAO. See, e.g., Martinez v. Cty. of Suffolk, 999 F. Supp. 2d 424, 429 (E.D.N.Y. 2014) (dismissing claims against SCPD); Adames v. Cnty. of Suffolk Court, No. 18-CV-4069, 2019 WL 2107261, at *2 (E.D.N.Y. May 14, 2019) (dismissing claims against SCDAO). Thus, Plaintiff's Section 1983 claims against SCPD and SCAO are not plausible and are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b).

### D.   Gioe is Dismissed Because he was not a State Actor

Plaintiff names his criminal defense attorney, Gioe, as a defendant and purports to allege a Section 1983 claim against him. However, it is well-established that Section 1983 "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (internal quotation marks and citation omitted); see also Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Plaintiff does not allege whether Gioe was appointed by the Court to represent him in the state criminal proceedings, but that fact is of no moment. Even court-appointed defense attorneys are private parties who generally do not act under color of state law. See Rodriguez v. Weprin, 116 F.3d 62, 65-66 (2d Cir.

1997) ("[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983."); Pittman v. Brosi, No. 22-CV-01757, 2022 WL 2161401, at *3 (E.D.N.Y. June 15, 2022) (dismissing Section 1983 claims against "court-appointed defense attorney in the underlying state court criminal proceedings [because] she is a private party who does not act under color of state law"); see also Polk County v. Dodson, 454 U.S. 312, 325 (1981) (holding that a "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding").

A private actor such as Gioe, may, however, act under the color of state law for purposes of Section 1983 if he was a "willful participant in joint activity with the State or its agents." Ciambriello, 292 F.3d at 324 (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970)). Section 1983 liability may also extend to a private party who conspires with a state actor to violate a plaintiff's constitutional rights. Id. at 323-24. "To establish joint action, a plaintiff must show that the private citizen and the state official shared a common unlawful goal; the true state actor and the jointly acting private party must agree to deprive the plaintiff of rights guaranteed by federal law." Anilao v. Spota, 774 F. Supp. 2d 457, 498 (E.D.N.Y. 2011) (internal quotation marks and citation omitted). Alternatively, to show that there was a conspiracy between a private actor and the state or its agents, a plaintiff must show "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act in furtherance of that goal causing damages." Ciambriello, 292 F.3d at 324-25.

Here, Plaintiff includes no factual allegations from which the Court could reasonably construe state action by Gioe through joint action or a conspiracy with a state actor to deprive Plaintiff of his constitutional rights. Thus, Plaintiff has not plausibly alleged that Gioe was a state

9

actor. Accordingly, Plaintiff's Section 1983 claim against Gioe is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b).

### E.     Unidentified Police Officer Defendants

Plaintiff names six "John Doe" defendants who are alleged to be employed as Suffolk County police officers ("John Doe PO Defendants"). According to the complaint, on July 19, 2023, at approximately 9:15 p.m., Plaintiff was surrounded by those Suffolk County police officers as he was removing belongings from a vehicle and was physically assaulted. (ECF No. 1 at 4.) Plaintiff asserts that those officers grabbed his wrist, threw him to the ground, kicked him, and hit him in the face with flashlights. (Id.) Though thin, the Court declines to dismiss Plaintiff's Section 1983 claims against the John Doe PO Defendants at this time.

Accordingly, the Court orders service of process upon the John Doe PO Defendants by the United States Marshal Service ("USMS"). However, the USMS will need more information to serve the John Doe PO Defendants. Consistent with Valentin v. Dinkins, 121 F.3d 72, 75-76 (2d Cir. 1997) (per curiam), the Suffolk County Attorney is directed to assist with identifying the John Doe PO Defendants who are alleged to have been employed by the Suffolk County Police Department and to have interacted with Plaintiff on or about July 19, 2023, as set forth in the complaint. Accordingly, the Clerk of the Court shall forthwith serve a copy of the complaint together with this order on the Suffolk County Attorney. The Suffolk County Attorney's Office shall then (1) attempt to ascertain the identities of the John Doe PO Defendants and (2) file a letter by July 26, 2024, that provides the names of the John Doe PO Defendants and the address(es) where they may be served.[3] Following the Suffolk County Attorney's compliance with that

---

[3]     The Suffolk County Attorney need not undertake to defend or indemnify the John Doe PO Defendants at this juncture. This Order merely provides a means by which the Plaintiff may name and properly serve those defendants as instructed by the Second Circuit in Valentin.

directive, the Court will deem the operative complaint amended insofar as the identified individual police officers will supplant the John Doe PO Defendants.

**F.      Municipal Liability**

Given Plaintiff's *pro se* status, the Court liberally construes Plaintiff's claims against SCPD and SCDAO as seeking municipal liability against Suffolk County. Any such claim is deficient.

A claim for municipal liability under Section 1983 must comply with Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978) and its progeny. "Monell expressly prohibits *respondeat superior* liability for municipalities . . . meaning that a plaintiff must demonstrate that 'through its deliberate conduct, the municipality was the "moving force" behind the injury alleged.'" Agosto v. N.Y.C. Dep't of Educ., 982 F.3d 86, 97-98 (2d Cir. 2020) (quoting Bd. of Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 404 (1997)). This requires Plaintiff to "show that he suffered the denial of a constitutional right that was caused by an official municipal policy or custom." Frost v. New York City Police Dep't, 980 F.3d 231, 257 (2d Cir. 2020) (internal quotations omitted). A policy or custom may be established by any of the following:

> (1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular constitutional deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees.

Alwan v. City of New York, 311 F. Supp. 3d 570, 578 (E.D.N.Y. 2018) (internal quotations omitted); see Ying Li v. City of New York, 246 F. Supp. 3d 578, 636 (E.D.N.Y. 2017) (similar). "[A] single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional

11

municipal policy that can be attributed to a municipal policymaker." Mitchell v. City of N.Y., 841 F.3d 72, 80 (2d Cir. 2016) (quoting City of Okla. City v. Tuttle, 471 U.S. 808, 823-24 (1985) (plurality)) (brackets omitted); see DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998) ("[A] single incident in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy.").

Here, even affording the *pro se* complaint a liberal construction, there are no factual allegations from which the Court may reasonably infer that the conduct or inaction of which Plaintiff complains was caused by a policy or custom of Suffolk County. See Mitchell, 841 F.3d at 80 (dismissing Monell claim for lack of a municipal policy or custom underlying the challenged conduct); see also Santos v. New York City, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012) ("[A] plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists."). Accordingly, any Section 1983 claim asserted in the complaint against Suffolk County fails to state a claim and is thus implausible because Plaintiff has not alleged the existence of a relevant municipal policy or custom.

### G.     Leave to Amend

"[A] pro se complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Dolan v. Connolly, 794 F.3d 290, 295 (2d Cir. 2015) (internal quotation marks and brackets omitted). At the same time, a district court may deny a pro se plaintiff leave to amend when amendment would be futile. Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

The Court has carefully considered whether to grant Plaintiff leave to amend his complaint. Given Plaintiff's *pro se* status, the Court grants him leave to amend the complaint consistent with this Order. Plaintiff's amended complaint must (1) be labeled as an "amended complaint," (2) include a caption naming the defendants, (3) bear the same docket number as this Order, 24-

CV-1695(JMA)(ST), and (4) be filed on or before July 26, 2024. If Plaintiff does not know the identity of a defendant, he may name that defendant as "John Doe" or "Jane Doe" and must then include sufficient factual allegations to ascertain that defendant's identity. Plaintiff is advised that "an amended complaint . . . supersedes the original, and renders it of no legal effect." Harris v. City of N.Y., 186 F.3d 243, 249 (2d Cir. 1999) (internal quotation marks omitted). Thus, any amended complaint Plaintiff files should include all allegations he wishes to pursue against each defendant he names. Plaintiff may include in an amended complaint any allegations from his April 11, 2024, letter.[4] (ECF No. 11.)

## IV. CONCLUSION

For the forgoing reasons, the Plaintiff's applications to proceed IFP are granted. However, Plaintiff's Section 1983 claims against Gioe, P.O. Neito, P.O. Sullivan, ADA Rooney, ADA Kaszuba, ADA Doe, Judge Mazzei, Judge Kevins, the Warden and Malave are dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1) for failure to state a claim and with leave to amend as set forth above. Plaintiff's Section 1983 claims against SCPD and SCDAO are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1). Plaintiff's remaining Section 1983 claims against the John Doe PO Defendants shall proceed and the Court orders service of process by the USMS once their identities are ascertained as set forth above. See supra Section III.E. Plaintiff is granted leave to file an amended complaint consistent with this Order on or before July 26, 2024.

---

[4] Plaintiff filed a four-page letter on April 11, 2024, entitled "Amendment of Civil Rights Case" whereby he apparently sought to amend his complaint. (ECF No. 11.) To the extent that Plaintiff attempted to amend his complaint, the Court rejects that piecemeal attempt to do so.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff and to the Suffolk County Attorney. The mailing to Plaintiff shall be sent to his address of record in an enveloped marked "Legal Mail."

**SO ORDERED.**

Dated:   June 26, 2024
         Central Islip, New York

                                                   (/s/ JMA)
                                        JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE

14