UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

<u>For Online Publication Only</u>

---------------------------------------------------------------------X

MICHAEL HUDSON,

                      Plaintiff,

           -against-

CHRISTOPHER M. GIOE, COUNTY OF SUFFOLK,
P.O. DARWIN NETTO, P.O. DETECTIVE GUNLACK,
SUFFOLK COUNTY DISTRICT ATTORNEY'S
OFFICE, RIVERHEAD CORRECTIONAL FACILITY
MEDICAL DEPARTMENT, and DISTRICT ATTORNEY
RAY TIERNEY,

                      Defendants.

---------------------------------------------------------------------X

**<u>MEMORANDUM & ORDER</u>**
24-CV-1695(JMA)(ST)

**FILED**
**CLERK**

9/23/2024 10:41 am

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

      Before the Court is incarcerated *pro se* Plaintiff Micheal Hudson's  Amended Complaint asserting claims under 42 U.S.C. § 1983 ("Section 1983") and filed in response to the Court's June 26, 2024, Memorandum and Order that granted Plaintiff leave to proceed *in forma pauperis* ("IFP") and *sua sponte* dismissed his claims against all Defendants other than those named as "John Does."  (See Am. Compl., ECF No. 15); Hudson v. Gioe, No. 24-CV-1695, 2024 WL 3202857, at *7 (E.D.N.Y. June 26, 2024).[1]

      At the outset, the Court vacates the portion of the July 26, 2024, Electronic Order that directed the United States Marshal Service to effectuate service of the original Complaint.  Upon careful consideration of the Amended Complaint, the Court (1) dismisses Plaintiff's claims seeking intervention in his ongoing state court prosecution; (2) dismisses Plaintiff's other claims against the Suffolk County District Attorney's Office ("SCDAO"), the Riverhead Correctional Facility Medical Department ("Jail Medical Dep't"), and County of Suffolk ("Suffolk County"); and (3) stays Plaintiff's remaining claims pending the conclusion of his ongoing criminal

---

[1]     Plaintiff has also filed another IFP application and Prisoner Litigation Authorization form with his Amended Complaint. (See ECF Nos. 16-17.)  That application is denied as moot because the Court already granted Plaintiff IFP status. Hudson, 2024 WL 3202857, at *4.

prosecution.

## I.      BACKGROUND

A.      <u>The Complaint and its Dismissal</u>

Plaintiff filed his Complaint with Section 1983 claims against some eighteen individuals involved with his July 19, 2023, arrest, subsequent detention at the Suffolk County Correctional Facility, and related state court criminal prosecution.[2]  (Compl., ECF No. 1.)  The Court granted Plaintiff IFP status and, in accordance with the screening requirement set forth in 28 U.S.C. § 1915A, determined that Plaintiff had not alleged the personal involvement of nine named defendants and dismissed those claims without prejudice under 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1) for failure to state a claim.  <u>Hudson</u>, 2024 WL 3202857, at *4.  Further, the Court dismissed the claims against the SCPD and SCDAO because neither entity has the capacity to be sued, and dismissed the claims against Gioe because he is not a state actor.  <u>Id.</u> at *4-5.  Given Plaintiff's *pro se* status, the Court also considered whether, liberally construed, the Complaint plausibly alleged a claim against Suffolk County; the Court concluded that the Complaint made no such claim.  <u>Id.</u> at *6.  However, the Court set forth the requirements for pleading such a claim and granted Plaintiff leave to file an amended complaint.  <u>Id.</u> at *6-7.

---

[2]      The original defendants were Plaintiff's criminal defense attorney, Christopher M. Gioe ("Gioe"); the Suffolk County Police Department ("SCPD"); SCPD Officers Darwin Neito ("P.O. Neito") and Shaun Sullivan; six unidentified Suffolk County police officers (John Does # 1-6); the SCDAO; three assistant district attorneys; two Supreme Court Judges; the Suffolk County Jail Warden; and "Medical Staff Amy Malave."

B.      **The Amended Complaint**[3]

Plaintiff's Amended Complaint again names Gioe, P.O. Nieto and the SCDAO, and adds Suffolk County, P.O. Detective Gunlack ("Det. Gunlack"), the Jail Medical Dep't, and Suffolk County District Attorney Ray Tierney (collectively, "Defendants").  Like the original Complaint, the Amended Complaint challenges Plaintiff's ongoing state court criminal prosecution.[4]  Plaintiff submitted the Amended Complaint on the Court's Section 1983 complaint form and again alleges that Gioe, who was Plaintiff's attorney in the 2023 Suffolk County criminal prosecution, "neglected to advise the Court of an email he received pertaining to the chemical analysis which confirmed that there was not any controlled substance identified in the confiscated substance that was tested."  (Am. Compl., ECF No. 15 at 5.)  Plaintiff alleges that Gioe visited him and suggested that Plaintiff consider cooperating with the police.  (Id. at 6.)  Plaintiff alleges that, a few days later, Gioe submitted a writ and Plaintiff was brought to the SCDAO, where Gioe advised Plaintiff that the chemical analysis concluded that no controlled substances were present in the tested samples.  (Id. at 7.)  According to the Amended Complaint, Gioe advised Plaintiff that he would be released on his own recognizance.  (Id.)

---

[3]      All material allegations in the Amended Complaint are assumed to be true for the purpose of this Order.  See, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).  Excerpts from the Amended Complaint are reproduced herein exactly as they appear in the original.  Errors in spelling, punctuation, and grammar are not corrected or noted.

[4]      According to the New York State Office of Court Administration, Plaintiff is a defendant in two cases pending in Suffolk County Court under indictment numbers: IND-71479/23/001 and IND-71191-24/001. *See* https://iapps.courts.state.ny.us/webcrim_attorney/DefendantSearch (last visited Sept. 23, 2024). In the 2023 Indictment, Plaintiff pled guilty on December 18, 2023, to count four of the indictment, conspiracy in the third degree to sell a narcotic, cocaine hydrochloride. However, on June 20, 2024, Plaintiff filed a motion seeking to withdraw his guilty plea. That motion remains pending. In the 2024 Indictment, Plaintiff pled not guilty to a four count indictment charging him with two counts of violation NY Penal Law 220.16(1) and two counts of violation of NY Penal Law 220.39(1).

Plaintiff also claims that, although he informed the Jail Medical Dep't that he had been involved in an automobile accident shortly before his incarceration, he was assigned a top bunk when bottom bunks were available. (Id. at 6.)

Plaintiff alleges that he was released from custody on August 2, 2023, after having been detained since July 20, 2023. (Id. at 7-8.) Plaintiff complains that Gioe received a copy of the exculpatory lab report on July 24, 2023, yet "neglected to advocate the news to the Court on my behalf" until early August. (Id.) Plaintiff asserts that Gioe, a former prosecutor, has a personal relationship with Det. Gunlack and alleges that they have known each other since high school and have worked on hundreds of cases together. (Id. 7-8.)

Regarding his claims against P.O. Nieto and Det. Gunlack, Plaintiff alleges that they interviewed him at the Jail without first notifying his attorney in the 2024 Indictment, Chris Cassar. Plaintiff alleges that these officers attempted to coerce him to become a confidential informant. (Id. at 5-6.) Further, Plaintiff alleges that, after he was released, he was "harassed" on multiple occasions by Suffolk County police officers. (Id. at 8.) Plaintiff alleges that he was followed and intimidated. (Id.)

According to the Amended Complaint, Suffolk County "faile[d] to train, supervise, and intervene in numerous of situation throughout this case but this specific situations with the Social Services Dept. which denied me assistance after being released from the County Correctional Facility." (Id.) In this regard, Plaintiff alleges that he called the Emergency Services Unit on August 3, 2023, and was denied assistance "because of a missed phone call." (Id.) Plaintiff alleges that he could not pay his phone bill and his phone would be shut off by the time the interview would have been conducted. (Id. at 8-9.) Plaintiff also alleges that, a few days later, he was given a housing placement at a shelter and was given four bus tokens at 5:20 pm to travel there. (Id. at 9.) However, Plaintiff first stopped at his self-storage unit, then missed the bus, and arrived at the

4

shelter at 2:45 a.m., whereupon he was initially denied admission.  (Id.)  Ultimately, Plaintiff was permitted to stay.  (Id.)  Plaintiff complains the shelter "had bed bugs and the bathroom was very unsanitary."  (Id.)  Accordingly, Plaintiff alleges that he left and slept in his self-storage unit.  (Id.)

The Amended Complaint next alleges that, on or about October 9, 2023, Gioe met with Plaintiff and allegedly "applied pressure for me to make a decision to cooperate with the ADA and his friend and local detectives." (Id. at 9-10.)  Plaintiff "refused" and then declined to meet with Gioe prior to the next court date scheduled for December 11, 2023.  (Id. at 10.)  Plaintiff claims that he asked Gioe whether he was going to be taken into custody on that date and Gioe told him "no." (Id.)  However, on December 11, 2023, Plaintiff alleges that he was arrested at the Riverhead courthouse "for two drug sales." (Id.)  Plaintiff was arraigned on December 12, 2023, pled not guilty, and was taken into custody having not met the $500,000 bail that was set. (Id.) During Plaintiff's next court appearance on December 18, 2023, Plaintiff alleges that Gioe "coerced me into pleading [guilty] with knowledge of me being off my medication. . . ." (Id. at 11.)  Plaintiff describes that he "was withdrawing from Suboxone and not being on my psychotropic medication, I took the plea  . . ." (Id.)  According to the Amended Complaint, Plaintiff "is being prosecuted as a form of retaliation for not cooperating with law enforcements investigators." (Id.)

Finally, Plaintiff alleges that the Jail "fail[ed] to provide medical attention to my lower back, lower neck, headaches and blurred vision."  (Id. at 12.)  In this regard, Plaintiff claims that he submitted sick call slips and grievances and they were denied.  (Id.)  Plaintiff also complains that his grievances concerning law library access, returned mail, lack of religious services, and the failure of the kitchen staff to follow his medically prescribed diet were all denied. (Id.)

In the space that calls for a description of any injuries sustained and any medical treatment required or provided, Plaintiff wrote:

> PTSD, social anxiety disorder that I now receive severe medications, ruptured cyst in nose, bruising, bleeding, financial damage as legal fees, medical fee for mental health, loss of work opportunities, deprivation of liberty and privacy by being incarcerated, TERROR, FEAR, INTIMIDATION from brutal attack by officers, intentional infliction of emotional distress, loss of relationships with family mainly mother, kids and fiancé, and the ongoing psychological abuse while incarcerated.

(Id. at ¶ II.A at p.5.)  For relief, Plaintiff seeks

> injunctive relief, intervention with state criminal proceeding either suppression of tainted evidence and witness or dismissal. Request monetary compensation for pain and suffering and for future pain and suffering in amount of $7,000,000. Defendants that qualify for termination in their current positions, charges possibly imposed against police officer defendant for falsifying business records and penal laws 195.07, 215.40, 205.60 especially penal law 200.56.

(Id. at ¶ III at p.14.)

## II.     LEGAL STANDARDS

### A.     Dismissal Under the Prison Litigation Reform Act or IFP Statute

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).  Similarly, the IFP statute requires a court to dismiss an action upon determination that the action "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The Court must dismiss the action as soon as it makes such a determination.  28 U.S.C. § 1915A(b).

**B.**     **Section 1983**

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983.  Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979); see Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).  "To state a claim under § 1983, a plaintiff must allege two elements: (1) 'the violation of a right secured by the Constitution and laws of the United States,' and (2) 'the alleged deprivation was committed by a person acting under color of state law.'" Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 87-88 (2d Cir. 2015) (quoting Feingold v. New York, 366 F.3d 138, 159 (2d Cir. 2004)); see Buon v. Spindler, 65 F.4th 64, 78 (2d Cir. 2023); see also Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (internal quotation marks and citation omitted)).

**C.**     **Plaintiff's *Pro Se* Status**

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997).  In addition, the Court is required to read a plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests.  United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

7

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); see also FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

## III.    DISCUSSION

### A.    The Court Lacks Jurisdiction Over Plaintiff's Pursuit of Injunctive Remedies for his State Court Prosecution

The Supreme Court has long held that, under what has become known as the Younger abstention doctrine, federal courts must abstain from interfering in ongoing state criminal proceedings. See Sprint Communs., Inc. v. Jacobs, 571 U.S. 69, 72 (2013) (explaining how that rule derives from Younger v. Harris, 401 U.S. 37 (1971)); e.g., Cavanaugh v. Geballe, 28 F.4th 428, 433 (2d Cir. 2022). Thus, Plaintiff's claims for injunctive relief in his state court prosecution are implausible and dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b). See, e.g., Jordan v. Bailey, 570 F. App'x 42, 45 (2d Cir. 2014) (affirming dismissal of a challenge to ongoing state criminal prosecution because Younger abstention required that result).

**B.**     **The Court Stays Plaintiff's Damages Claims Regarding his State Court Prosecution**

Unlike claims for declaratory and injunctive relief, claims for monetary damages should not be dismissed under <u>Younger</u> abstention. <u>Kirschner v. Klemons</u>, 225 F.3d 227, 238 (2d Cir. 2000).  However, given that Plaintiff's claims relating to his state court prosecution are closely intertwined with the ongoing criminal case, litigation of such claims at this juncture would be premature. Accordingly, Plaintiff's damages claims relating to his criminal prosecution are stayed pending the conclusion of the criminal case.  <u>See</u> <u>Deakins v. Monaghan</u>, 484 U.S. 193, 201-03 (1988); <u>Kirschner</u>, 225 F.3d at 238; <u>Giulini v. Blessing</u>, 654 F.2d 189, 193-94 (2d Cir. 1981).

**C.**     **Jail Medical Dep't and SCDAO are Dismissed as Nonsuable Entities**

Plaintiff names Jail Medical Dep't and SCDAO as Defendants.  Under New York law, however, departments that are merely administrative arms of a municipality cannot be sued because they lack a legal identity separate and apart from the municipality.  <u>See, e.g.</u>, <u>Henry v. Cnty. of Nassau</u>, 6 F.4th 324, 336 (2d Cir. 2021) (citing <u>Jenkins v. City of New York</u>, 478 F.3d 76, 93 n.19 (2d Cir. 2007)).  For that reason, courts routinely dismiss claims against the Jail and SCDAO.  <u>See, e.g.</u>, <u>Hudson</u>, 2024 WL 3202857, at *4 (dismissing claims against the SCDAO); <u>Reed v. Suffolk Cty Corr.</u>, No. 22-CV-7579, 2023 WL 1863370, at *3 (E.D.N.Y. Feb. 9, 2023) (dismissing claims against the Jail).  Thus, Plaintiff's Section 1983 claims against the Jail Medical Dep't and SCDAO are not plausible and are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b).

**D.**     **Plaintiff's Municipal Liability Claim Fails**

As the Court previously informed Plaintiff, a Section 1983 claim against Suffolk County must comply with <u>Monell v. Dep't of Soc. Servs. of City of New York</u>, 436 U.S. 658 (1978) and its progeny.  <u>Hudson</u>, 2024 WL 3202857, at *6.  "<u>Monell</u> expressly prohibits *respondeat superior* liability for municipalities . . . meaning that a plaintiff must demonstrate that 'through its

9

deliberate conduct, the municipality was the "moving force" behind the injury alleged.'" Agosto
v. N.Y.C. Dep't of Educ., 982 F.3d 86, 97-98 (2d Cir. 2020) (quoting Bd. of Comm'rs of Bryan
Cty. v. Brown, 520 U.S. 397, 404 (1997)). This requires Plaintiff to "show that he suffered the
denial of a constitutional right that was caused by an official municipal policy or custom." Frost
v. New York City Police Dep't, 980 F.3d 231, 257 (2d Cir. 2020) (internal quotations omitted). A
policy or custom may be established by any of the following:

> (1) a formal policy officially endorsed by the municipality; (2) actions taken by
> government officials responsible for establishing the municipal policies that
> caused the particular constitutional deprivation in question; (3) a practice so
> consistent and widespread that, although not expressly authorized, constitutes a
> custom or usage of which a supervising policy-maker must have been aware; or
> (4) a failure by policymakers to provide adequate training or supervision to
> subordinates to such an extent that it amounts to deliberate indifference to the rights
> of those who come into contact with the municipal employees.

Alwan v. City of New York, 311 F. Supp. 3d 570, 578 (E.D.N.Y. 2018) (internal quotations
omitted); see Ying Li v. City of New York, 246 F. Supp. 3d 578, 636 (E.D.N.Y. 2017) (similar).
"[A] single incident of unconstitutional activity is not sufficient to impose liability under Monell,
unless proof of the incident includes proof that it was caused by an existing, unconstitutional
municipal policy that can be attributed to a municipal policymaker." Mitchell v. City of N.Y., 841
F.3d 72, 80 (2d Cir. 2016) (quoting City of Okla. City v. Tuttle, 471 U.S. 808, 823-24 (1985)
(plurality)) (brackets omitted); see DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998) ("[A] single
incident in a complaint, especially if it involved only actors below the policy-making level, does
not suffice to show a municipal policy.").

Here, even affording the *pro se* Amended Complaint a liberal construction, there are no
factual allegations from which the Court may reasonably infer that the conduct or inaction of which
Plaintiff complains was caused by a policy or custom of Suffolk County. See Mitchell, 841 F.3d
at 80 (dismissing Monell claim for lack of a municipal policy or custom underlying the challenged

10

conduct); see also Santos v. New York City, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012) ("[A] plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists."). Accordingly, the Amended Complaint's Section 1983 claim against Suffolk County fails to state a claim and is implausible because Plaintiff has not alleged the existence of a relevant municipal policy or custom. For that reason, Plaintiff's Section 1983 claim against Suffolk County is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b).

**E.    Leave to Amend**

"Although district courts generally grant *pro se* plaintiffs leave to amend a complaint, that leave may be denied when a plaintiff has already been given an opportunity to amend." Zaerpour v. Bank of Am. Corp., No. 23-845, 2024 WL 2069555, at *2 (2d Cir. May 9, 2024) (citing Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988)). Here, Plaintiff has already amended his Complaint. Upon careful consideration, the Court declines to presently grant Plaintiff leave to further amend his Amended Complaint. Rather, Plaintiff may request that the Court re-open this case and he may also request leave to file a second amended complaint once his ongoing criminal prosecution concludes.

## IV.    CONCLUSION

For the forgoing reasons, (1) the Court VACATES the portion of the July 26, 2024, Electronic Order that directed the United States Marshal Service to effectuate service of the original Complaint; (2) Plaintiff's duplicate application to proceed IFP (ECF No. 17) is DENIED AS MOOT; (3) Plaintiff's claims for injunctive relief seeking intervention in his ongoing state court prosecution are DISMISSED; (4) Plaintiff's claims against the SCDAO, Jail Medical Dep't, and Suffolk County are DISMISSED; and (5) Plaintiff's remaining claims are STAYED pending the conclusion of his ongoing criminal prosecution.

The Clerk of the Court is respectfully directed to administratively close this case.  The Clerk of the Court is also respectfully directed to mail a copy of this Memorandum & Order to the Plaintiff at his address of record in an enveloped marked "Legal Mail" and note such mailing on the docket.  Plaintiff may request in writing that this case be re-opened within fourteen days of the conclusion of his state court criminal proceedings.  Plaintiff may also request leave to file a second amended complaint at that time.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum & Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated:    September 23, 2024
              Central Islip, New York

                                             _____
                                             (/s/ JMA)
                                             JOAN M. AZRACK
                                             UNITED STATES DISTRICT JUDGE

12